IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD HOOD                                              PETITIONER

VS.                     CIVIL ACTION NO. 1:13-cv-475(DCB)(MTP)

RON KING                                                RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Petition **(docket entry 1)** and Supplemental Petition **(docket entry 44)** of Ronald Hood for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254; and on the Report and Recommendation **(docket entry 49)** of Magistrate Judge Michael T. Parker entered in this cause on January 15, 2014. Magistrate Judge Parker recommends that the petitioner's § 2254 petition, as amended and supplemented, be denied and that this case be dismissed with prejudice.  The parties were given fourteen days to serve and file written objections.  The petitioner, by and through counsel, filed written objections, and the respondent filed a notice that he does not intend to file a formal response.

If one or more parties file written objections to a Report and Recommendation by a Magistrate Judge, the District Court is required to conduct a de novo review.  28 U.S.C. § 636(b)(1).  Such a review requires the Court to examine the entire record and to make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  Battle v. United

States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

In this case, the petitioner presents the same arguments made in his June 10, 2013, Supplemental Habeas Corpus Petition, by simply attaching a copy of the petition. "No factual objection is raised when a petitioner simply re-urges arguments contained in the original petition." Baskin v. Scott, 2012 WL 5947584, at *2 (S.D. Miss. Nov. 28, 2012)(citing Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993)). "In these instances, the Court must only review the relevant portion of the Proposed Findings of Fact and Recommendation to determine whether the analysis or conclusions are either clearly erroneous or contrary to law." Id. (citing United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989)).

On July 10, 2006, the petitioner, Ronald Hood, was indicted in the Circuit Court of Yazoo County, Mississippi, for exploitation of children, in violation of Miss. Code Ann. §§ 97-5-31 and 97-5-33(5). The indictment was later amended to charge Hood as a habitual offender. Prior to trial, Hood, through his attorney, moved for a mental examination to determine whether he was competent to stand trial. The Circuit Court of Yazoo County granted Hood's motion, and Dr. W. Criss Lott conducted the examination. Hood's attorney did not seek a subsequent mental competency hearing, and the case proceeded to trial. Hood's wife testified against him at trial, and two videos of nude children that Hood allegedly possessed were shown to the jury. On December

11, 2007, Hood was found guilty of exploitation of children and sentenced as a habitual offender to serve a term of twenty years imprisonment, without the possibility of parole, in the custody of the Mississippi Department of Corrections.

On January 10, 2008, Hood filed a direct appeal to the Mississippi Supreme Court, raising the following issues: (1) whether the marital privilege caused his wife to be incompetent to testify; (2) whether the children in the video were engaged in sexually explicit conduct; (3) whether Miss. Code Ann. §§ 97-5-31 and 97-5-33(5) are unconstitutionally vague; and (4) whether the prosecution made improper arguments which tended to inflame the jury against him.  The issue of Hood's competency was not raised on direct appeal.  On July 30, 2009, the Mississippi Supreme Court affirmed the trial court's judgment and sentence.  Hood then filed a pro se motion for rehearing, but the supreme court denied his motion.  Hood was not represented by counsel after direct appeal.

On June 17, 2010, Hood filed an application for leave to proceed in the trial court, and a motion for post-conviction relief.  In his motion, Hood argued, inter alia, that he received ineffective assistance of counsel based on his trial attorney's failure to: move for a competency hearing; explain the benefits and/or consequences of going to trial versus accepting a plea deal; obtain a statement from Hood's wife saying that she did not want to testify; find another doctor to conduct the mental competency

3

evaluation; call certain witnesses; make certain objections, arguments, and/ or motions; call mental health facilities where Hood was housed to get mental heath records; strike certain jurors; and advise Hood about his right to a speedy trial.  On July 22, 2010, the Mississippi Supreme Court denied his application and request for post-conviction relief.  The supreme court found that Hood's ineffective assistance of counsel claim did not meet the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and that he failed to make a substantial showing of the denial of a state or federal right as required under Mississippi law.

On August 9, 2010, Hood moved for reconsideration of his application for leave to proceed in the trial court.  The supreme court denied reconsideration on August 25, 2010.  Hood filed a second application on September 14, 2010, which was dismissed as procedurally barred on October 26, 2010.

On February 10, 2011, Hood filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, challenging the constitutionality of his conviction and sentence. He asserted the following grounds for relief: (1) whether the marital privilege rendered his wife incompetent to testify; (2) whether the children in the videos shown at trial were engaged in "sexually explicit conduct"; (3) whether the statutes under which he was convicted were constitutionally vague; (4) whether the

prosecutor made improper statements during opening and closing arguments; (5) whether the trial court erred by allowing the videos into evidence; (6) whether the petitioner was denied a fair trial because he was not allowed to view and inspect the evidence against him; and (7) whether the petitioner was denied effective assistance of counsel based on trial counsel's failure to: (a) object to improper prosecutorial remarks; (b) object to the introduction of tampered evidence; © move for petitioner to examine the evidence against him (_i.e._, watch videotapes that were shown to the jury); and (d) adequately pursue a competency hearing.  Hood alternatively asked this Court to reverse and remand his case so that he could accept the six-year plea deal originally offered to him by the prosecutor.  Id. at 25.

On May 23, 2012, Hood filed a motion to amend his petition to add the following grounds for habeas relief: (1) whether counsel was ineffective for persuading the petitioner to go to trial rather than accept a plea offer; (2) whether the petitioner was denied a fair trial because he was not allowed to inspect the evidence against him; (3) whether the indictment should not have been read to the jury because it contained information about prior convictions; (4) whether the indictment was defective because it read "video," instead of "videos"; (5) whether the prosecutor made improper remarks and referred to the petitioner by derogatory names; (6) whether jury instruction S-7 was improper and violated

the petitioner's due process rights; (7) whether witnesses tampered with videotape shown at trial; (8) whether the petitioner was denied access to discovery documents; (9) whether the failure to conduct a mental competency hearing violated the petitioner's due process rights; (10) whether counsel was ineffective for failing to investigate the petitioner's mental illness history and failing to request a mental competency hearing; and (11) whether the petitioner is entitled to an evidentiary hearing on the issue of ineffective assistance of counsel.

On December 4, 2012, Hood filed a "Writ of Habeas Corpus Relief Brief" ("memorandum brief"), which was interpreted by the Court as a request to further amend the petition.  In the memorandum brief, Hood argued that his attorney provided ineffective assistance of counsel; that the marital privilege rendered his wife incompetent to testify; that his indictment was defective; that he was not competent to stand trial or make a rational decision about whether to go to trial or accept a plea offer; and that there was insufficient evidence to show that he possessed the videotapes used against him at trial.

By Report and Recommendation dated January 30, 2013, Magistrate Judge Robert H. Walker recommended that Hood's May 23, 2012 Motion to Amend, and his December 4, 2012 "memorandum brief" be denied, and that the Petition itself be denied on the merits. In recommending denial, Judge Walker found that the new claims

asserted in the motion to amend and "memorandum brief" did not relate back to the date of the original petition and, therefore, were procedurally barred.

Following entry of Judge Walker's Report and Recommendation, this case was reassigned to Magistrate Judge Michael T. Parker. Hood filed various objections to the Report and Recommendation. On March 26, 2013, this Court adopted Magistrate Judge Walker's recommendation as to the motion to amend and memorandum brief and denied both motions. With respect to the habeas petition, however, the Court found that further investigation was necessary as to whether Hood should have received a competency hearing, and whether his attorney was ineffective for failing to pursue a hearing. The Court appointed Hood counsel to represent him and review his claim, and directed counsel to either "file an amended petition related to [Hood's] claims arising out of his failure to receive a competency hearing;" or "move for the Court to hold a hearing on this matter."

On June 10, 2013, Hood, through his appointed counsel, filed a supplemental petition raising the following issues: (1) whether Hood's trial counsel provided constitutionally ineffective assistance of counsel by (a) failing to request a competency hearing and (b) failing to investigate Hood's mental health condition; and (2) whether the trial court violated Hood's constitutional right to due process by failing to conduct a competency hearing. In the supplemental petition, Hood requested

a hearing on the issue of whether his trial counsel was constitutionally ineffective for failing to investigate his mental condition.

In response to the supplemental petition, respondent Ron King argued (1) that Hood's trial counsel was not ineffective for failing to pursue a competency hearing, (2) that Hood's due process argument is procedurally barred, and (3) that Hood's claim for failure to investigate is not properly before this Court.

As a preliminary matter, applicants must exhaust all state remedies before seeking federal habeas relief. Title 28 U.S.C. § 2254(b)(1)&(2); Byron v. Epps, 518 F. App'x 243, 251 (5th Cir. 2013). The petitioner asserts three grounds for habeas relief in his supplemental petition. The parties agree that the first ground, whether trial counsel was ineffective for failing to request a competency hearing, has been exhausted. At issue, however, is whether the two remaining grounds are properly before the Court.

In his Report and Recommendation, Magistrate Judge Parker first addresses the Petitioner's argument that trial counsel provided constitutionally ineffective assistance by failing to investigate Hood's mental health condition. He finds that it is not properly before the Court because: (1) although Hood fairly presented the claim in state court, thereby meeting the exhaustion requirement, he did not include the claim in his original habeas

petition.   Hood did not raise the claim until his May 23, 2012 motion to amend his petition, and December 4, 2012 "memorandum brief."  When the Court adopted Magistrate Judge Walker's Report and Recommendation on March 26, 2013, it adopted his finding that this claim was untimely and did not relate back to the original petition.   The Court also denied Hood leave to supplement his petition to add this claim.  The Court only permitted Hood to file a supplemental petition "related to his claims arising out of his failure to receive a competency hearing."  Therefore, the Court now adopts Magistrate Judge Parker's finding that the claim is not now properly before the Court.

The second remaining issue raised by the petitioner is that he properly raised a claim in the Mississippi Supreme Court for violation of due process based on his failure to receive a competency hearing.  Hood asserts that, under a liberal review of the record, he raised the due process claim in his motion for post-conviction relief.  He states that because he listed "due process" under the "Argument Grounds" section of his post-conviction relief motion, and discussed his trial counsel's failure to request a competency hearing on the next page of the motion, his due process claim was properly presented to the Mississippi Supreme Court. However, Hood's due process arguments in that motion did not relate to the trial court's failure to conduct a competency hearing.  Even under a liberal review of the motion, at no point does Hood assert

a due process violation based on the trial court's failure to conduct a mental competency hearing.  The petitioner's argument that he presented his due process claim in his motion for post-conviction relief is without merit.

Nevertheless, this Court liberally construed Hood's state court pleadings and determined that he did raise a due process claim in his motion for reconsideration of the application for leave to proceed in the trial court.  In the motion for reconsideration, Hood argued, inter alia, that his trial counsel refused to move for a competency hearing, and that his conviction should be reversed.

In his Report and Recommendation, Magistrate Judge Parker interprets the petitioner's argument in his motion for reconsideration as a claim for violation of due process rights based on the failure to receive a competency hearing as well. However, he also finds that while the petitioner arguably raised a due process claim in his motion to reconsider, the Mississippi Supreme Court did not address the claim because it was not procedurally proper.  Hood filed the due process claim in a motion to reconsider rather than in his direct appeal or original motion for post-conviction relief.  Since he failed to present the claim in a procedurally proper manner, he did not give the Mississippi Supreme Court a fair opportunity to act on it.  The Court agrees with the finding in the Report and Recommendation that the

petitioner's due process claim as it relates to the trial court's failure to conduct a competency hearing has not been exhausted and is barred from this Court's review.  The Court also agrees that the defaulted claim cannot be resurrected because Hood has failed to show cause and actual prejudice or a fundamental miscarriage of justice.

The parties agree that the petitioner exhausted his claim for ineffective assistance of counsel based on his attorney's failure to request a competency hearing.  In order to show that he is entitled to habeas relief, Hood must show that the Mississippi Supreme Court's rulings on his ineffective assistance claim were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  "A state court's decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." Nelson v. Quarterman, 472 F.3d 287, 292 (5th Cir. 2006)(en banc)(quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)).

Hood argues that he received constitutionally ineffective assistance of counsel because his trial attorney did not move for a mental competency hearing as required by Mississippi Uniform

Circuit and County Court Rule 9.06, and the failure to do so prejudiced his case. The respondent argues that Hood's trial counsel was not ineffective because, during the relevant time period, the Mississippi Supreme Court did not consistently require trial courts to conduct a competency hearing if a defendant had been given a mental examination prior to trial. The respondent further contends that trial counsel acted reasonably, and that the petitioner's request for habeas relief should be denied.

In Strickland v. Washington, the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim is to be measured: the petitioner must show that his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); see also Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994)(stating that satisfaction of the Strickland standard requires a petitioner to show that the attorney's acts "fell below an objective standard of reasonableness"). "To meet the prejudice prong of the Strickland test, the defendant may not simply allege but must 'affirmatively prove' prejudice." Bonvillain v. Blackburn, 780 F.2d 1248, 1253 (5th Cir. 1986)(citing Celestine v. Blackburn, 750 F.2d 353, 356 (5th Cir. 1984)). The petitioner must prove that the outcome of his trial would have been different "but for counsel's alleged errors," and that "'the result of the proceedings was fundamentally unfair or unreliable.'" Vuong v. Scott, 62 F.3d 673,

685 (5th Cir. 1995)(quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)).  The Fifth Circuit "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment." <u>Moawad v. Anderson</u>, 143 F.3d 942, 946 (5th Cir. 1998)(internal quotation marks and citations omitted).

Magistrate Judge Parker finds that Hood has not shown that his trial counsel provided constitutionally ineffective assistance by failing to request a mental competency hearing.  The Mississippi Supreme Court, in ruling on the motion for post-conviction relief, found that Hood's ineffective assistance claim failed to meet the <u>Strickland</u> standards.  Moreover, Magistrate Judge Parker's Report and Recommendation thoroughly discusses the outpatient forensic mental evaluation of Hood conducted by Dr. Lott and the results thereof, to determine whether the evaluation and results may have influenced Hood's counsel's decision not to pursue a competency hearing.  At the end of the evaluation, Dr. Lott recorded his opinions, including the following:

> Mr. Hood has the sufficient present ability to confer with his attorney with a reasonable degree of rational understanding, and he has a factual and rationa2l understanding of the nature and object of the charges against him.  Mr. Hood's intellectual level appeared to be in the low average range, and his reading level falls in the low borderline range, so any complex legal material should be explained to him in simple and concrete terms.

Evaluation of October 4, 2007, p. 8.  Dr. Lott also found that "Mr.

13

Hood does not appear to need further testing or psychiatric treatment at this time." <u>Id</u>.

In support of his ineffective assistance argument, the petitioner focuses on Dr. Lott's opinion that "any complex legal material should explained to [Hood] in simple and concrete terms." <u>Id</u>.  Hood argues that, based on this finding, his trial counsel should have moved for a competency hearing.  He does not argue that he was incompetent to stand trial, only that he was entitled to a hearing.

Mississippi law deems a defendant competent to stand trial if the defendant is able to "perceive and understand the nature of the proceedings," "rationally communicate with his attorney about the case," "recall relevant facts," "testify in his own defense if appropriate," and his "ability to satisfy the foregoing criteria is commensurate with the severity of the case." <u>Hearn v. State</u>, 3 So. 3d 722, 728 (Miss. 2008)(citing <u>Martin v. State</u>, 871 So. 2d 693, 698 (Miss. 2004)).  Similar to Mississippi law, federal law requires courts to consider whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him" when determining competency to stand trial. <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960).

Although Rule 9.06 of the Mississippi Uniform Circuit and

County Court Rules clearly requires trial courts to conduct a competency hearing after a defendant has undergone a mental examination, the hearing requirement has not always been strictly enforced.  In <u>Hearn v. State</u>, the Mississippi Supreme Court did not require a subsequent competency hearing where the defendant had been examined by a psychiatrist who later testified at his trial and was subjected to cross-examination.  In <u>Tutor v. State</u>, the Mississippi Court of Appeals found harmless error where a trial court failed to conduct a competency hearing after a defendant, who first had been found incompetent to stand trial, was later found competent.  Conversely, in <u>Sanders v. State</u>, the Mississippi Supreme Court found error where a trial court failed to conduct a competency hearing after ordering a defendant to undergo a psychiatric examination, while never making an on-the-record finding that the defendant was competent to stand trial.  Similarly, in <u>Jay v. State</u>, the Mississippi Supreme Court reversed a defendant's conviction where the trial court failed to conduct a competency hearing after it ordered the defendant to undergo a psychiatric examination.

Because the Mississippi Supreme Court allowed alternative avenues to satisfy Rule 9.06 during the relevant time period, Hood's trial counsel, armed with Dr. Lott's mental evaluation which found that Hood was competent to stand trial, could have reasonably concluded that a hearing was unnecessary.

The Fifth Circuit, in determining whether an attorney should have requested a competency hearing, evaluates:

> whether counsel for mentally suspect defendants erred in failing to investigate or pursue a defense of insanity or incompetency to stand trial by appraising the facts known and available or with minimum diligence accessible to defense counsel and determining whether those raise reasonable doubt as to the defendant's mental condition.

Smith v. Maggio, 696 F.2d 365, 368 (5th Cir. 1983)(quoting United States v. Edwards, 488 F.2d 1154, 1164 (5th Cir. 1974)).

Hood's attorney could have reasonably relied on the mental evaluation results and Dr. Lott's opinions to conclude that a competency hearing was not necessary. Trial counsel observed and interacted with Hood prior to trial, which prompted him initially to move for a mental examination. The trial court granted his request, and the examination was conducted. After reviewing the results, trial counsel did not find it necessary to seek a competency hearing. Considering that the results showed Hood's ability to understand the nature of the proceedings against him and that he did not need any additional testing or psychiatric treatment, there is a reasonable argument that the petitioner's attorney satisfied Strickland. Further, the record shows that Hood was not prejudiced by his attorney's failure to request a competency hearing because he was able to assist with his defense.

In Roberts v. Dretke, 381 F.3d 491 (5th Cir. 2004), the Fifth Circuit considered a petitioner's claims that his trial counsel was ineffective for failing to investigate the petitioner's mental

health, and that the Texas state court trial judge should have ordered a competency hearing.  Id. at 495-96 (5th Cir. 2004).  Roberts, presumably overcome with grief from having killed a man, encouraged his trial attorney ("Pickell") to seek the death penalty.  Pickell requested and was granted funding for a psychiatrist to examine the petitioner's mental state.  Upon completion of the examination, the psychiatrist determined that the petitioner was competent to stand trial and assist in his defense.  The trial attorney found it unnecessary to request a competency hearing, and the trial judge did not order one.  The petitioner was ultimately found guilty and sentenced to death.  On state habeas review, the petitioner argued that his trial counsel was ineffective for failing to investigate his mental health and that the trial judge should have ordered a competency hearing.  The state court, however, denied habeas relief.  Id.

Roberts then filed a federal habeas petition in the Western District of Texas.  In denying Roberts habeas relief, the district court found that the state court should have held a competency hearing, but that while the state court's ruling may have been incorrect, it was not unreasonable.  The district court further found that the petitioner could not establish prejudice for his ineffective assistance claim in light of the overwhelming evidence of his guilt.  Id. at 496.

On appeal from the district court, the Fifth Circuit

17

summarized the facts of the case.   Some of the more salient facts

are as follows:

Apparently concerned that Roberts may not have been
right of mind, Pickell requested, and Texas granted,
funding for a psychiatrist, Dr. Michael Arambula, M.D.,
to analyze Roberts's mental state.   A short time prior to
trial, Dr. Arambula interviewed Roberts for two hours.
Based on that interview, police reports about Roberts,
and the victim's autopsy report Dr. Arambula produced a
psychiatric evaluation.   In making this evaluation, Dr.
Arambula did not review any of Roberts's medical records,
including records relating to Roberts's psychiatric
hospitalization that occurred after a recent "suicide
ideation."  Pickell did not collect these records and Dr.
Arambula did not request them.   Pickell also did not
inform Dr. Arambula about a head injury that Roberts
suffered as a child.   Neither Pickell nor Dr. Arambula
spoke to any of Roberts's family members or former
treating physicians about his medical and psychiatric
history.

Dr. Arambula's report notes that Roberts admitted that
he had previously "wanted to commit suicide," but that
when asked "Mr. Roberts[] denied any past psychiatric
history, other than his addiction to crack cocaine," and
denied that he currently had suicidal thoughts.   It also
noted that Roberts showed no signs of "anxiety,
hallucinations, or delusions" and that "he denied that he
felt sad."  And finally it noted that Roberts[] explained
that he "didn't want to be locked up the rest of his
life" and that Roberts blamed his "crack cocaine
addiction" for his "taking the life of an innocent
bystander."

Based on these observations, Dr. Arambula[] stated in
his report that "I cannot conclude that Mr. Roberts
suffers from any significant degree of depression ... or
for that matter any other psychiatric disturbance."  He
further stated that "[t]he most salient issue in Douglas
Roberts's history is his addiction to crack cocaine."
And after first acknowledging that "Depression can
sometimes affect a person's judgment and decision-making
so severely that [he] wish[es] for premature death," he
concluded that "I cannot find that depression exists to
such a degree that its presence would coerce Mr. Roberts
into seeking the death penalty."

Based on this report and his own observations, Pickell concluded that Roberts was competent to stand trial and to make decisions regarding trial strategy, including decisions explicitly designed to ensure the imposition of the death penalty. He also concluded that it was unnecessary to request a competency hearing. The trial judge never saw Dr. Arambula's report, but based on his own observations of Roberts he decided that there was no reason to hold a competency hearing. Roberts was subsequently convicted and sentenced to death.

Roberts, 381 F.3d at 495. The Fifth Circuit affirmed the district court, and found that Roberts's trial counsel reasonably relied on the psychiatrist's report to conclude that the petitioner was competent to stand trial. The Fifth Circuit stated:

Considering the strong conclusions in Dr. Arambula's report about Roberts's mental health, and Dr. Arambula's decision not to request any further information regarding Roberts's mental history, [trial counsel] reasonably concluded that further investigation of Roberts's mental health history was unnecessary. This is particularly the case here because - like the trial judge who observed Roberts throughout the proceedings - [trial counsel] did not believe that Roberts was suffering from any mental illness or that Roberts was unable to direct his defense. The state habeas court thus reasonably concluded that [trial counsel] did not provide deficient performance by failing to further investigate Roberts's medical history, and its decision is not contrary to Supreme Court precedent.

Id. at 499.

Like the petitioner's trial counsel in Roberts, Hood's counsel was able to observe and interact with him and was provided with Dr. Lott's report. With this information available to him, Hood's counsel apparently determined that it was unnecessary to request a competency hearing. The trial judge, who observed Hood at trial, also did not order a competency hearing or otherwise question

19

Hood's ability to stand trial.  Thus, based on the current record, Hood fails to show that his trial counsel's decision not to request a competency hearing was unreasonable or that it prejudiced the case.  Therefore, as Magistrate Judge Parker finds, Hood does not satisfy Strickland's two-prong test because he fails to establish that the Mississippi Supreme Court's application of Strickland was unreasonable.

The Court finds that the Mississippi Supreme Court's ruling as to Hood's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of clearly established federal law.  Hood's trial counsel was not constitutionally ineffective for failing to investigate his mental condition, nor for failing to request a competency hearing, and Hood is not entitled to a hearing on these issues.  Furthermore, the petitioner's due process claim as it relates to the state trial court's failure to conduct a competency hearing has not been exhausted and is barred from this Court's review.  The defaulted claim cannot be resurrected because Hood has failed to show cause and actual prejudice or a fundamental miscarriage of justice.

The Report and Recommendation shall be adopted, and Hood's request for habeas relief based shall be denied.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 49)** is ADOPTED in full as

the findings and conclusions of this Court, with minor additions as contained herein;

FURTHER ORDERED that the Petitioner's Objections thereto **(docket entry 51)** are DENIED;

FURTHER ORDERED that the Petitioner's Petition **(docket entry 1)** and Supplemental Petition **(docket entry 44)** for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 are DENIED;

A final judgment dismissing the Petition and Supplemental Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 28th day of March, 2014.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE